# Exhibit A

# IN THE CIRCUIT COURT OF EIGHTEENTH JUDICIAL CIRCUIT, DUPAGE COUNTY, IL

| | |
|---|---|
| ABDUL MOHAMMED, <br> PLAINTIFF <br> vs. <br> ERIN ANDERSON, AND SUSAN VIVIAN, INDIVIDUALLY AND AS AGENTS, SERVANTS, EMPLOYEES, OF "NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203", AND "NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203" DEFENDANTS, | 2018L001312 <br><br> COMPLAINT WITH JURY DEMAND <br><br>  |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, Abdul Mohammed, and complaining of the Defendants, Erin Anderson, Susan Vivian and Naperville Community Unit School District 203, states as follows-:

### INTRODUCTION

1. This Complaint is brought by Plaintiff to seek redress and damages, under 42 U.S.C Section 1983, under Hate Crimes Act of Illinois and other Illinois State Common Laws, for the harm and injury caused to the Plaintiff, directly and proximately resulting from the unreasonable, deliberately indifferent, intentional and conscience shocking conduct of the Defendants identified herein, which conduct was in violation of the United States Constitution and in violation of Illinois State Common Law rights of the Plaintiff, Abdul Mohammed.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of the claims brought under Illinois State Common Law and Hate Crimes Act of Illinois. The Court has concurrent jurisdiction over the subject matter of Federal Claims under the authority of 42 U.S.C. Section 1983 for claims that arise under the Constitution and Laws of the United States of America. *Tampam Farms, Inc v Supervisor of Assessments of Ogle County,* 271. Ill.App.3d, 798, 803 (2nd District.1995). Further the State courts have concurrent jurisdiction over Federal Claims as also ruled in *(Meadows v. Flemings, Inc.,* 290 AD2d 386, 387, 737 N.Y.S.2d 272, 1st Dep't 2002). (citing *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820 1990). The United States Supreme Court has consistently held that state courts have inherent authority, and are thus competent, to adjudicate claims arising under the laws of the United States. To give Federal Courts exclusive

A

jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their concurrent jurisdiction. (*Tafflin v Levitt*, 493 U.S. 455 1990). An examination of the Federal Claims raised in this complaint does not reveal the existence of such divestiture. Therefore, this Court has subject matter jurisdiction to hear Federal Claims raised in this complaint. The venue is appropriate in DuPage County under 725 ILCS 5/2-101 and/or 102 as the parties all reside, have office and/or do business in DuPage County, and the transaction giving rise to the clams occurred in DuPage County.

## THE PARTIES

3. The Plaintiff, Abdul Mohammed, was at all times relevant hereto the natural parent of A▮ aged 14, A▮ aged 13 and U▮ aged 8, all attending Public Schools of District 203.
4. The Defendant Erin Anderson was at all times relevant hereto the Principal of Madison Junior High School acting within the scope of the District 203 and was at all times hereto acting under the color of law.
5. The Defendant Susan Vivian was at all times relevant hereto the Counsellor of A▮ at Madison Junior High School acting within the scope of the District 203 and was at all times hereto acting under the color of law.
6. The Defendant District 203 was at all times relevant hereto a duly organized public-school entity under the State of Illinois, operating and managing Madison Junior High School by and through its employees, Defendants Erin Anderson and Susan Vivian.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

7. The Plaintiff's wife, Farheen Fathima, was arrested on April 3, 2016 on two counts of domestic battery when she attacked and injured Plaintiff with her cell phone.
8. Plaintiff obtained an Order of Protection against his wife Farheen Fathima which ran from April 3, 2016 to July 15, 2016. 8.
9. On April 23, 2016, Farheen Fathima was bonded out of jail by a radical Islamic Organization known as Hamdard Center
10. From April 23, 2016 through to the end of the year 2017, Farheen Fathima resided at the Hamdard Center for Health and Human Services ("Hamdard Center") falsely claiming that she is a victim of domestic abuse.
11. The Plaintiff filed for divorce on June 2, 2016 in DuPage County.
12. The Hamdard Center is operated by Mohammad Hamid, its CEO, and by Kiran Siddiqui, its Chief Operating Officer.

Document received on 11/19/18 9:29 AM  Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

13. The Hamdard Center operates a domestic violence shelter.
14. Maryam Mirza was the Director of Hamdard Center's domestic violence program. Maryam Mirza also holds herself out as a Clinical Psychologist and purports to provide counseling to children, including Plaintiff's children, but is not licensed to provide any psychological, or any other services, in the State of Illinois.
15. On or about 22nd September 2016 and on or about 7th October 2016; Defendants Anderson and Vivian conspired with Hamdard Center and Maryam Mirza and filed a False DCFS Report against the Plaintiff, that the Plaintiff raped his wife Farheen Fathima and physically abused his children.
16. The Plaintiff neither raped his wife nor physically abused his children.
17. Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff calls his children 'Slut' and 'Bitch' and he slaps his children on the face and the body.
18. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff beat his wife with a hanger prior to the spring of 2016.
19. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that A▮▮ stated that the Plaintiff's 5-year old son U▮▮ conspired with the Plaintiff, lied and faked an asthma attack and that U▮▮ also stated that Plaintiff's wife Farheen Fathima who also happens to be U▮▮'s mother, was trying to kidnap them.
20. Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff made up a complaint that his wife Farheen Fathima was abusing him and got her arrested in Spring of 2016.
21. Farheen Fathima stated to the Naperville Police that she battered the Plaintiff and for that reason, she was arrested and charged for two counts of domestic battery.
22. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff threatened the Staff at Madison Junior High School and Scott Elementary School and that only a male investigator should speak to the Plaintiff.
23. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff has something against females.
24. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that the Plaintiff's children are nervous when the Plaintiff gets near him.
25. The Plaintiff has never threatened anyone at any school of the District 203 and he has good relations with the staff at both the schools.

3

26. Further Defendants Anderson and Vivian knowingly and intentionally, falsely transmitted to the DCFS that A▮▮▮ gave them the information which they transmitted to the DCFS.
27. Further Defendant Susan Vivian discussed with A▮▮▮ about the purported rape of her mother by the Plaintiff.
28. The Plaintiff's daughter, A▮▮▮, denied that she reported anything to Defendants Anderson or Vivian.
29. A▮▮▮ further explained to the Plaintiff, why she would accuse her 5- Year old brother that he conspired with the Plaintiff, lied and faked an asthma attack and that he stated that Plaintiff's wife Farheen Fathima was trying to kidnap them.
30. The DCFS Investigation Report against the Plaintiff was dismissed by the DCFS as a "Not Good Faith Report" and the DCFS Investigation Report also says that the Plaintiff's children were coached by the Reporter (Defendant Anderson and Defendant Vivian) in concert with Hamdard Center and Maryam Mirza to come up with False Allegations against the father.
31. Defendants Anderson and Vivian's transmission of False DCFS Reports against the Plaintiff was motivated by their prejudice towards the Plaintiff's gender as they believed that the Plaintiff raped his wife, beat her with a hanger, got her falsely arrested for domestic battery and because they believe that the Plaintiff has something against the females.
32. Filing a False DCFS Report is an offense of Disorderly Conduct and a Disorderly Conduct with prejudice towards someone's gender is a violation of Hate Crimes Act of Illinois.
33. When Defendants Anderson and Vivian transmitted False DCFS Reports against the Plaintiff with prejudice towards the Plaintiff's Gender, they committed Hate Crime against the Plaintiff.
34. Another motive of the Defendants Anderson and Vivian to transmit False DCFS Reports was to deny Plaintiff, the custody of his children and to help his wife gain the custody of the children with prejudice towards the Plaintiff's gender and with bias towards gender of Plaintiff's wife.
35. Defendants Anderson and Vivian transmitted False DCFS Reports so that if the Plaintiff is somehow found indicated for child abuse by the DCFS, he will be denied custody of his children and then his wife will be able to have full custody of his children.
36. Defendants Anderson and Vivian's prejudice towards the Plaintiff's gender can be further gauged by the fact that they went to the extent of falsely accusing, that the Plaintiff's 5-year old son U▮▮▮ conspired with the Plaintiff, lied and faked an asthma attack and that U▮▮▮ also stated that Plaintiff's wife Farheen Fathima, who also happens to be U▮▮▮'s mother, was trying to kidnap him and her sisters.

4

37. Further Defendants Anderson and Vivian lied to the Plaintiff that they have not heard of Hamdard Center and they also don't know who Maryam Mirza is.

38. Further Defendants Anderson and Vivian's attorney informed the Plaintiff via email on 12th April 2017 at 1:37 PM; that no one from the District 203 has spoken to anyone from Hamdard Center ever.

39. On 19th February 2017; Hamdard Center, Maryam Mirza and Plaintiff's wife, in concert with some other individuals, again filed 2 False Police Reports, 1 False DCFS Report and 1 False Report to the DuPage County Child Advocacy Center that the Plaintiff physically abused his minor children, sexually abused and sexually assaulted his minor children.

40. 2 False Police Reports, 1 False DCFS Report and 1 False Report to the DuPage County Child Advocacy Center filed on 19th February 2017 were again dismissed by the DCFS as children denied all the allegations in the report and on top of that, Plaintiff's wife Farheen Fathima informed the DCFS on 20th February, 2017 at 11:54 AM that children did not reported any kind of sexual abuse to her and that she has no knowledge of any kind of sexual abuse.

41. In the Police Report filed on 19th February 2017 by Maryam Mirza with Naperville Police; she stated that she had spoken to Defendant Vivian on or about 7th October 2016 and upon the information which she provided to Defendant Vivian; Defendant Vivian transmitted the DCFS Report on 7th October 2016.

42. Maryam Mirza stated to the Naperville Police that she had spoken to Defendant Vivian on or about 7th October 2016 and upon the information which she provided to Defendant Vivian, she transmitted the DCFS Report on 7th October 2016 where as Defendant Vivian denies that she ever spoke to Maryam Mirza and she does not know Maryam Mirza at all. Plaintiff has forwarded the copy of the Police Report filed on 19th February 2017 by Maryam Mirza to the attorney of the District 203 via email at 7:31 AM on 21st September 2018.

43. After transmitting the False DCFS Report on 22nd September 2016, Defendant Vivian continued to communicate with the Plaintiff in a very courteous manner via email as late as 12:32 PM on 26th September 2016, in order to make it look like, she is not hostile to the Plaintiff.

44. As a direct result of the false and malicious actions by the Defendants mentioned in this complaint, the Plaintiff's fundamental and constitutionally-protected interests in the nurturing, upbringing, companionship, care, and custody of his children has been substantially infringed upon.

45. The false and malicious actions by the Defendants mentioned in this complaint was an effort to destroy the father/child bond and in particular the father/daughter bond.

46. As a direct result of the false and malicious actions by the Defendants, the Plaintiff's children underwent numerous interviews with DCFS regarding alleged abuse by the Plaintiff.
47. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff's life has been significantly and negatively impacted in many ways.
48. The Plaintiff, normally an outgoing, friendly person, now lives in many ways like a recluse, refusing to initiate new relationships and anxious about his present relationships because he understands the staggering quantity and disgusting quality of the defamation could convince others that he is some kind of monster.
49. As a direct result of false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff always carries with him numerous court documents, decisions from DCFS and various Police Departments, just in case the Defendants makes new, false claims against him.
50. As a direct result of false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff has been negatively impacted by the vast quantity and malicious quality of defamation and has been so shaken up by the heinous defamation by the Defendants that he feels completely on the defensive at all times around all children.
51. As a direct result of the false and malicious actions mentioned by the Defendants in this Complaint, the Plaintiff has been deprived of the love and companionship of his children for long periods of time.
52. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff's children have been deprived of the love and companionship of their father for long periods of time.
53. The false and malicious actions by the Defendants mentioned in this Complaint has damaged Plaintiff's relationship with his daughters.
54. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint the Plaintiff has become withdrawn with his daughters and is afraid to do things normal parents do - like hug or snuggle with his children while watching a movie.
55. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff's children have been alienated from him. Parental Alienation in itself is a form of child abuse.
56. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff has suffered extreme physical and mental injury.

Document received on 11/19/18 9:29 AM  Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

57. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, sleep is forever elusive, and depression is a constant companion for the Plaintiff.
58. As a direct result of the false and malicious actions by the Defendants mentioned in this Complaint, the Plaintiff does not go into his daughter's room anymore and he does not let his daughters come into his room.
59. As a direct result of the false and malicious actions mentioned in this Complaint, the Plaintiff has installed a 24/7 Security Camera with Continuous Recording in his living room and he has confined himself to the living room while the children are present in his home.

## COUNT I
## DEFAMATION PER SE
### (Defendants Erin Anderson and Susan Vivian)

60. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
61. By acts described in Paragraphs 1-60, Defendants Erin Anderson and Susan Vivian have defamed the Plaintiff and caused irreparable injury to his reputation in front of his children and within his community.
62. The statements made by the Defendants to the Plaintiffs children as alleged above, that the Plaintiff had physically abused his children were false statements made with prejudice and bias against the Plaintiff's gender and with bias towards the gender of Plaintiff's wife.
63. The statements made by the Defendants to the Plaintiffs children as alleged above that the Plaintiff had raped their mother, beat their mother with a hanger, got their mother arrested on a False Police Complaint, threatened the Staff at the School, were false statements made with prejudice and bias against the Plaintiff's gender and with bias towards the gender of Plaintiff's wife.
64. The statements implied the commission of crimes, were not capable of innocent construction, and were defamation per se.
65. The statements were maliciously made to punish the Plaintiff for asserting his rights to parent his children, his rights to have custody, his right to press a criminal battery case against his wife, his right to seek protective orders, his right to seek sole custody; with prejudice and bias against the Plaintiff's gender and with bias towards the gender of Plaintiff's wife.
66. The statements were also maliciously made with bias towards female gender (Plaintiff's Wife) and with bias and prejudice against male gender (Plaintiff), in order to help the Plaintiff's wife to get custody of his children, if the Plaintiff was indicated of child abuse based on the False DCFS Reports filed by Defendants Erin Anderson and Susan Vivian.

Document received on 11/19/18 9:29 AM Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT-II
## FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. SECTION 1983
*(Intentional Interference with Parent/Child Relationship)*
**(Defendants Erin Anderson and Susan Vivian)**

67. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

68. By false and malicious actions mentioned in this complaint, the Defendant's engaged in a series of actions in concert to deprive the Plaintiff his Civil Rights under the United States Constitution.

69. The Defendants worked together in furtherance of their conspiracy.

70. The Defendants coerced witnesses including the Plaintiff's children to turn against their father and repeatedly coerced the children to report false abuse, domestic battery and rape of their mother to the to the DCFS.

71. As a result of direct false and malicious actions mentioned in this complaint by the Defendants, the Plaintiff has suffered substantial damages, including severe emotional and mental distress, psychological trauma, damage to reputation.

72. As a result of direct result of false and malicious actions mentioned in this complaint by the Defendants, the Plaintiff's children have been alienated from him and the Plaintiff has been deprived of his children's love, affection, support and society.

73. As a result of direct false and malicious actions mentioned in this complaint by the Defendants, the Plaintiff's children have been alienated from him and the Plaintiff's children has been deprived of their father's love, affection, support and society.

74. Moreover, the Defendants Anderson and Vivian after violating the Fourteenth Amendment Rights of the Plaintiff, lied to the Plaintiff that they have not heard of Hamdard Center and they also don't know who Maryam Mirza is, in order to conceal their conspiracy of violating the Plaintiff's Fourteenth Amendment Rights, violation of Hate Crimes Act of Illinois and other violations mentioned in this complaint.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages,

Document received on 11/19/18 9:29 AM Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT-III
## VIOLATION OF FEDERAL RIGHTS TO COMPANIONSHIP/SOCIETY
## (42 U.S.C. SECTION 1983)
## (Defendants Erin Anderson and Susan Vivian)

75. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

76. The Plaintiff enjoys a liberty interest in his right to companionship and society with his children under the Illinois Law and under United States Constitution under the Fourth and Fourteenth Amendments. *See Bell*, 746 F. @d 1205 (7th Cir. 1984) (Due Process clause protects parent's liberty interest in parent-child relationship) citing *Ellis v Hamilton*, 669 F.2d 510, 512 (7 Cir. 1982) cert. denied 459 U. S. 1969, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982); *Drollinger v Milligan*, 552 F. 2d 1220, 1226-1227 (7th Cir. 1977). *See also Sherrod v Berry*, 827 F. 2d 195 (7th Cir. 1987) (Parent child relationship is a liberty interest protected by the Fourteenth Amendment)

77. The Defendants interfered with the Plaintiff's right of companionship with his children with their false and malicious actions mentioned in this complaint.

78. The Defendants acted under the color of the Law as mandatory reporters and as governmental actors by transmitting False DCFS Reports.

79. The Defendants informed the Plaintiff's children that they should not go near the Plaintiff.

80. The Defendants knowingly and intentionally, conveyed false information to the Plaintiff's children that the Plaintiff had raped their mother, beat their mother with a hanger, got their mother arrested on a False Police Complaint and threatened the Staff at the School.

81. The Plaintiff was harmed when his children got alienated from him in face of relentless campaign by the Defendants to have the Plaintiff characterized as a child abuser.

82. The actions taken by Defendants were under the color of law, as governmental actors, and all the actions taken by the Defendants were willful and wanton.
WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

9

## COUNT IV
### § 720 ILCS 5/12-7.1. HATE CRIMES ACT OF ILLINOIS
### (Defendants Erin Anderson and Susan Vivian)

83. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

84. By acts described in Paragraphs 1-60, the Defendants committed a hate crime based upon the Plaintiff's gender.

85. Disorderly conduct is a predicate act for a Hate Crime when motivated by actual or perceived "race, color, creed, religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin of another individual. . ." 720 ILCS 5/12-7.1 99. Submitting a false report to the DCFS, as occurred on 22nd September 2016 and 7th October 2016, is disorderly conduct. 335 ILCS 5/4.

86. The Defendants knowingly, deliberately, and intentionally committed disorderly conduct by knowingly transmitting false reports of physical abuse, rape of his wife and other false allegations against the Plaintiff as described above, to the DCFS, and such disorderly conduct committed by the Defendants against the Plaintiff has caused a personal injury to the Plaintiff.

87. The Defendants intentionally committed the acts alleged in this Complaint against the Plaintiff based on his gender and caused the Plaintiff to suffer fear, depression, humiliation, severe mental anguish and severe physical and emotional distress, directly and proximately causing damages to the Plaintiff.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendants Erin Anderson and Susan Vivian)

88. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

89. By acts described in Paragraphs 1-60, the Defendants committed extreme and outrageous acts intended to harm the Plaintiff and his relationship with his children.

90. The Defendants knowingly, deliberately, and intentionally committed the acts alleged in this complaint against the Plaintiff and recklessly disregarded the probability of causing the plaintiff severe emotional distress.

10

91. The Defendants intentionally committed the acts alleged in this complaint against the Plaintiff and caused the plaintiff to suffer fear, depression, humiliation, severe mental anguish and severe physical and emotional distress, directly and proximately causing damages to the Plaintiff.

92. The Defendants committed the actions set forth in this complaint with the intention of injuring the plaintiff and in extreme disregard of the Plaintiff's rights thereby, entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT VI
## RESPONDEAT SUPERIOR (ILLINOIS STATE LAW)
### (Defendant Naperville Community School District Unit 203)

93. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

94. At all times relevant hereto, each of the Defendants, Erin Anderson and Susan Vivian, was acting as the agent and/or employee of the Defendant Naperville Community Unit School District 203, and within the scope of the employment with the Defendant, Naperville Community Unit School District 203.

95. As a result of the facts set forth in this Complaint, the Defendant, Naperville Community School District Unit 203, is liable for the acts and/or omissions of its agents, the Defendants, Erin Anderson and Susan Vivian.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendant, NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203, for damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT VII
## INDEMNITY
### (Defendant Naperville Community Unit School District 203)

96. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

97. At all times relevant hereto, each of the Defendants, Erin Anderson and Susan Vivian, was acting as the agent and/or employee of the Defendant Naperville Community Unit School District 203,

Document received on 11/19/18 9:29 AM Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

and within the scope of the employment with the Defendant, Naperville Unit Community School District 203.

98. As a result of either or both Defendants' conduct, Plaintiff is seeking compensatory damages, attorney's fees, costs and interest.

99. Illinois Law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his/her employment is liable, 745 ILCS 10/9-101 (West 2017).

WHEREFORE, the Plaintiff, ABDUL MOHAMMED, respectfully requests that the Honorable Court enter Judgment declaring that the Defendant, Naperville Community Unit School District 203 is required to indemnify and pay any settlement of or for itself and/or either or both Defendants, Anderson and Susan Vivian, if found liable.

## COUNT VIII
## WILLFUL AND WANTON CONDUCT- ILLINOIS STATE LAW
*Execution or Enforcement of Laws-Individual and Conspiracy Liability*
**(Defendants Erin Anderson and Susan Vivian)**

100. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

101. At all times relevant hereto, each of the Defendants, Erin Anderson and Susan Vivian, acting in concert through implicit or explicit agreement, engaged in the execution or enforcement of the Laws of the State of Illinois.

102. The Defendants, Erin Anderson and Susan Vivian accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to transmit False DCFS Reports against the Plaintiff, through the above described willful and wanton acts, causing the Plaintiff, extreme, intolerable and excessive emotional and psychological distress and physical effects thereof.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT IX –
## CIVIL CONSPIRACY
**(Defendants Erin Anderson and Susan Vivian)**

103. The Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

12

104. The Defendants agreed to accomplish, by concerted action, the defamation, illegal harassment and hate crime against the Plaintiff.

105. As detailed above, Defendants committed overt tortious and/or unlawful acts in furtherance of this agreement, namely the acts alleged in paragraphs 1 through 101, above.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON AND SUSAN VIVIAN jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of One Million Dollars ($1000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

## COUNT X
## PERSONAL INJURY
**(Defendants Erin Anderson, Susan Vivian and Naperville Community Unit School District 203)**

106. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

107. Due to the acts committed by the Defendants against the Plaintiff as described in this complaint, the Plaintiff has suffered extreme personal injury in the form of mental, emotional and physical injury.

108. Plaintiff's personal injury will be proved at the trier of fact.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants, ERIN ANDERSON, SUSAN VIVIAN AND NAPERVILLE COMMUNITY UNIT SCHOOL DISTRICT 203 jointly, severally, and in the alternative for damages, compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000.00), punitive damages, costs and any such other relief as the Court may deem just and proper.

Dated-: 19th November 2018

Respectfully Submitted,

/s/Abdul Mohammed,

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil

Document received on 11/19/18 9:29 AM Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591

Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/Abdul Mohammed

258 East Bailey Rd., Apt. C
Naperville, IL 60565
Ph.630-597-3098

Document received on 11/19/18 9:29 AM Document accepted on 11/19/2018 10:09:47 # 4407780/170431108591